UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:03-cr-66 |
| | ) | Judge Edgar |
| | ) | |
| JAMES WOODEN | ) | |

**MEMORANDUM AND ORDER**

On June 28, 2007, this Court entered an order amending the judgment of conviction against defendant James Wooden. [Doc. No. 65]. Wooden did not take a direct appeal from the amended judgment of conviction and it is final.

On November 13, 2008, the Clerk of the District Court received two handwritten letter from federal prisoner Wooden dated October 27, 2008. [Doc. No. 71]. In the first letter, Wooden requests that the restitution ordered on Count Ten in the indictment, $367.31 in restitution to Papa John's Pizza in Cleveland, Tennessee, be "dropped." The Court treats the first letter as a *pro se* motion by Wooden for post-conviction relief. He wants the Court to amend, modify, or correct the final amended judgment of conviction.

Once the judgment of conviction becomes final, the Court only has jurisdiction to amend and modify the final judgment in a few very limited circumstances none of which apply here. A federal prisoner who seeks to make a collateral post-conviction motion challenging the legality or validity of his judgment of conviction and sentence ordinarily is required to make a timely motion for relief pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255 is the primary avenue for federal prisoners

1

to seek post-conviction relief. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Wooden has not made this motion in the proper form of a timely motion for post-conviction relief pursuant to 28 U.S.C. § 2255. This Court lacks the jurisdiction and authority to award the post-conviction relief that Wooden now seeks outside of a 28 U.S.C. § 2255 proceeding.

In sum, the only jurisdiction that this Court can exercise to amend, modify, or correct the final amended judgment of conviction is under 28 U.S.C. § 2255 but Wooden has not timely filed a § 2255 motion. Accordingly, the motion is **DENIED**.

In his second letter, Wooden requests an extension of time to file a 28 U.S.C.§ 2255 motion sometime in the future. It appears that Wooden seeks the extension of time so he can be assured that, if and when he files a § 2255 motion in the future, the Court would view the motion as being timely filed within the one-year statute of limitations provided in 28 U.S.C.§ 2255(f).

The Court treats Wooden's second letter as a *pro se* motion which is **DENIED**. The Court lacks the jurisdiction and authority to grant an extension or enlargement of time for federal prisoner Wooden to file a 28 U.S.C. § 2255 motion in the future. The timeliness of any § 2255 motion by Wooden and the application of the statute of limitations in 28 U.S.C.§ 2255(f) can only be addressed by the Court if and when a § 2255 motion is actually filed. *United States v. Moore*, 56 Fed. Appx. 686 (6th Cir. 2003); *Reed v. United States*, 13 Fed. Appx. 311 (6th Cir. 2001); *United States v. Leon*, 203 F.3d 162, 163-64 (2nd Cir. 2000); *United States v. Chambliss*, 145 F.3d 1334 (Table, text in 1998 WL 246408 (6th Cir. May 4, 1998)); *see also, Green v. United States*, 260 F.3d 78, 81-83 (2nd Cir. 2001). This Court has no authority to grant an extension of time for the purpose of allowing a federal prisoner to file a delayed or late § 2255 motion.

The motion for appointment of counsel is premature. At this juncture, Wooden does not

have a right under the United States Constitution or any other federal law to have the Court appoint counsel at government expense to assist him in preparing a 28 U.S.C. § 2255 motion that he hopes to file in the future. The Court cannot appoint counsel at government expense to provide legal advice and represent Wooden prior to the filing of a § 2255 motion.

If and when Wooden files a § 2255 motion, he may then make a motion for appointment of counsel. Rule 8(c) of the Rules Governing Section 2255 Proceedings For The United States District Courts provides that if a § 2255 motion is filed and the Court determines an evidentiary hearing is warranted, then the Court must appoint an attorney to represent a moving party who qualifies under 18 U.S.C. § 3006A to have counsel appointed. But before we reach the point of an evidentiary hearing and appointment o counsel, Wooden is first required to timely file a § 2255 motion within the deadline set by the statute of limitations, 28 U.S.C.§ 2255(f), and he must raise a non-frivolous issue involving a material, disputed issue of fact that warrants an evidentiary hearing.

Accordingly, Wooden's motion for extension of time to file a 28 U.S.C. § 2255 motion and for appointment of counsel is **DENIED**.

SO ORDERED.

ENTER this the 26th day of November, 2008.

                        */s/ R. Allan Edgar*
                     R. ALLAN EDGAR
           UNITED STATES DISTRICT JUDGE