UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| JAMES WOODEN, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:03-CR-66-HSM-CHS-1 |
| | ) | | 1:15-CV-304-HSM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court is the United States' motion to deny and dismiss Petitioner's supplemented motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 98]. Petitioner submitted the relevant § 2255 petition on November 5, 2015 [Docs. 75, 77, 86].[1] In it, he challenges his enhancement under Section 4B1.1 of the United States Sentencing Guidelines and convictions under 18 U.S.C. § 924(c) based on *Johnson v. United States*, 135 S.

---

[1] In 2003, Petitioner pled guilty to seven counts of armed robbery, in violation of 18 U.S.C. § 1951, and two counts of possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) [Doc. 27]. He faced statutory ranges of up to twenty years' imprisonment for the robbery offenses and mandatory consecutive sentences of seven years up to life imprisonment for the first § 924(c) conviction and twenty-five years up to life imprisonment for the second § 924(c) offense [Presentence Investigation Report (PSR) ¶ 151]. Based on prior Tennessee convictions for aggravated burglary and facilitation of armed robbery, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines [*Id.* ¶¶ 111, 121, 124, 151]. His effective Guideline range was between 535 and 572 months' imprisonment [*Id.* ¶¶ 151, 152], but this Court sentenced him to an aggregate term of 442 months' imprisonment [Docs. 29, 30, 47]. This Court subsequently granted a Rule 35(b) motion and revised the sentence to an aggregate term of 360 months [Doc. 65].

On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing Petitioner's case to determine whether he was entitled to relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Consistent with that appointment, FDSET filed a supplement to Petitioner's pro se motion agreeing that he no longer qualified as a career offender in light of Sixth Circuit case law expanding *Johnson*'s holding to Section 4B1.2 of the United States Sentencing Guidelines [Doc. 86].

Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence and convictions are no longer valid because the residual clauses in Section 4B1.2 and § 924(c) are equally vague)].[2]

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction

---

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

2

with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 95].

On March 31, 2017, FDSET filed two motions: one asking to withdraw as appointed counsel under the Standing Order in light of *Beckles* [Doc. 97 (explaining that she cannot further pursue a motion to vacate under *Johnson* according to the limited appointment authorization provided by the Standing Order)]; and another requesting that the Court grant Petitioner leave and a 30-day extension of time to file *pro se* arguments in support of the existing-petition [Doc. 96].

Also on March 31, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 130]. Petitioner has not filed a response and the time for doing so has now passed [Doc. 129]. This Court interprets the absence of a response as a waiver of opposition. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

I. **RESOLUTION OF NON-DISPOSITIVE MOTIONS**

Because *Beckles* forecloses any possibility of *Johnson*-based relief, the request to withdraw [Doc. 97] will be **GRANTED** and counsel will be relieved of her duties under the Standing Order. The request for an extension of time [Doc. 96] will be **DENIED** because Petitioner has had more than enough time to submit pro se arguments in support of his existing grounds or supplement the same with additional theories of collateral relief. The petition has been pending before this Court for nearly a year-and-a-half. Further, more than a month has passed since the Supreme Court decided Beckles. The Court finds any extension would be inappropriate under the circumstances.

## II. DISPOSITIVE MOTION AND § 2255 PETITION

To the extent that Petitioner challenges his career offender designation based on *Johnson*, that argument fails because the Guidelines are not subject to void for vagueness analysis. *Beckles*, 137 S. Ct. 894. To the extent Petitioner argues that *Johnson* invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his two convictions under § 924(c)(1)(A), that argument fails because binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA, § 924(c)(3)(B)'s definition of crime of violence remains unaffected. *See United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, Hobbs Act robbery remains a crime of violence capable of supporting his convictions under § 924(c).

## III. CONCLUSION

For these reasons and because this Court interprets Petitioner's failure to respond to the United States' request for dismissal as a waiver of opposition, the motion to deny and dismiss [Doc. 98] will be **GRANTED** and Petitioner's supplemented § 2255 petition [Docs. 75, 77, 86] will be **DENIED** and **DISMISSED WITH PREJUDICE**. FDSET's motion to withdraw [Doc. 97] will be **GRANTED** and request for an extension of time [Doc. 96] will be **DENIED**. This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**SO ORDERED** this 19th day of April, 2017.

                                                     */s/ Harry S. Mattice, Jr.*
                                                     HARRY S. MATTICE, JR.
                                             UNITED STATES DISTRICT JUDGE